NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GLORIA SLAGLE,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2025-1242

_____

Petition for review of the Merit Systems Protection Board in No. DC-0843-20-0739-I-1.

_____

Decided: July 8, 2025

_____

GLORIA SLAGLE, McLeansville, NC, pro se.

ELIZABETH MARIE DURFEE PULLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI, BRETT SHUMATE.

_____

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and WANG, *District Judge*.[1]

PER CURIAM.

Gloria Slagle petitions for review of a decision of the Merit Systems Protection Board (Board) affirming the Office of Personnel Management's (OPM) holding that she is ineligible for a survivor annuity benefit based on the federal service of her spouse. We *affirm*.

## BACKGROUND

Wayne Slagle worked for the United States Postal Service until his retirement. S. Appx. 9.[2] In May 1997, he designated his then-wife, Sarah Slagle, as the beneficiary for any lump-sum benefit payable under the Federal Employees Retirement System (FERS) after his death. S. Appx. 26 (Designation of Beneficiary Federal Employees Retirement System Form (SF3102)). In November 2007, he applied for immediate retirement and elected to receive a reduced annuity with a maximum survivor annuity for Sarah. S. Appx. 27. The immediate retirement application informed Wayne:

> Your election to provide a survivor annuity for a current spouse terminates upon the death of that spouse or if the marriage ends due to divorce or annulment. You are required to make a new election (reelect) within 2 years of the terminating event if you wish to reelect a former spouse or within 2 years of a post-retirement marriage to elect a post-retirement spouse.

---

[1]    Honorable Nina Y. Wang, District Judge, United States District Court for the District of Colorado, sitting by designation.

[2]    "S. Appx." refers to the Supplemental Appendix attached to Respondent's Informal Brief.

*Id.* After his retirement in March 2008, Wayne divorced Sarah and in December 2008 married Gloria. S. Appx. 3. Wayne passed away in June 2019. S. Appx. 9.

After Wayne's death, Gloria applied for a survivor annuity. *Id.* OPM denied the application. S. Appx. 22–23. OPM had, pursuant to Wayne's 1997 designation, paid Sarah a lump-sum benefit. S. Appx. 11. Gloria appealed. The Board held Gloria was not entitled to the survivor annuity and affirmed OPM's denial and payment of the lump-sum benefit to Sarah. S. Appx. 12.. Gloria petitions for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We will set aside a decision of the Board if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703.

Gloria argues OPM's payment of the lump-sum benefit to Sarah was improper because Wayne and Sarah divorced in 2008, which, according to the signed designation forms, terminated his designation of Sarah as his beneficiary. Pet'r's Informal Br. 3 (citing S. Appx. 27). Gloria also argues Wayne never reelected Sarah as his beneficiary. *Id.* We do not agree the payment of the lump-sum benefit to Sarah was improper.

Under FERS, there are two different types of survivor benefits: (1) survivor annuities and (2) lump-sum benefits. A survivor annuity is a monthly payment made after the death of an employee or retiree. For retirees, survivor annuities are only paid if the retiree elected this benefit at retirement, which reduces their own monthly pension while they are alive. By contrast, a lump-sum benefit is a one-time payment made to a designated beneficiary (via Form SF3102) if no eligible person qualifies for a survivor annuity. Lump-sum benefits include the deceased's

retirement contributions not already paid out through annuities. In sum, a survivor annuity is a recurring monthly payment whereas a lump-sum benefit is a one-time payment when no annuity is available or appropriate.

Wayne designated Sarah as the beneficiary of both his survivor annuity and any lump-sum benefits payable under FERS after his death. S. Appx 26; S. Appx. 27. However, at the time of his death, neither Sarah nor Gloria were eligible for his survivor annuity benefits. Sarah was not eligible because Wayne's 2007 designation of her as the beneficiary automatically terminated upon divorce, and he did not reelect her as a former spouse within two years of their divorce. S. Appx. 27. Gloria was not eligible because Wayne did not elect her as a post-retirement spouse within two years of their marriage. *Id.*; *see also* S. Appx. 11–12. Because no one qualified for Wayne's survivor annuity, his unpaid retirement contributions were instead paid as a one-time lump-sum to the designated beneficiary of record. 5 C.F.R. § 831.2003(a) (citing 5 U.S.C. § 8342(c)). Wayne's 1997 designation of Sarah as the beneficiary of any lump-sum benefits, unlike the survivor annuity, was not automatically terminated by divorce. S. Appx. 26.

Unfortunately, in order for Gloria to be entitled to any of Wayne's survivor benefits, Wayne needed to either (1) elect Gloria as his post-retirement spouse within two years of their marriage, or (2) withdraw his 1997 designation of Sarah. Because Wayne did neither, under these circumstances, Sarah is entitled to the lump-sum benefit. While we are sympathetic, the government is bound by the statute. 5 U.S.C. § 8342(c) ("Lump-sum benefits . . . shall be paid to . . . the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received in the Office before his death.").

CONCLUSION

We have considered Gloria's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

COSTS

No costs.